UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

09-20077 CR-KING

Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 2
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

RAMON SANTOS,

                Defendant.
_____/



FILED by _____ D.C.
JAN 27 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

# INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The Medicare Program ("Medicare") is a federal program that provides free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare are prescribed by statute and by federal regulations under the auspices of the United States Department of Health and Human Services, through its agency, the Centers for Medicare and Medicaid Services ("CMS"). Individuals who receive benefits under Medicare are commonly referred to as Medicare "beneficiaries."

2. Medicare is a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3. Medicare Part B pays for a portion of the cost of certain necessary medical services and medications that are provided and ordered by physicians, clinics, and other qualified health care providers. Medicare Part B is administered in Florida by First Coast Service Options ("FCSO"), a company that contracted with CMS to receive, adjudicate, process, and pay Medicare Part B claims. Medicare Part B payments are made directly to the physician, clinic, or other provider of the medical services, rather than to the beneficiary.

4. Physicians, clinics, and other health care providers that provide services to Medicare beneficiaries are able to apply for and obtain a "provider number." A health care provider who has been issued a Medicare provider number is able to file claims with Medicare to obtain reimbursement for services provided to beneficiaries. A Medicare claim is required to set forth, among other things, the beneficiary's name and Medicare identification number, the services that had been performed for the beneficiary, the date the services were provided, the cost of the services, and the name and identification number of the physician or other health care provider who had ordered the services.

## The Clinics

5. Mitto Health Center Inc. ("Mitto") was incorporated under the laws of the State of Florida on or about May 27, 2005. Mitto was located in Miami-Dade County at 8115 SW 147th Court, Miami, Florida, 33193.

6. Better Health Consulting Clinic Corporation. ("Better Health") was incorporated under the laws of the State of Florida on or about February 24, 2004. Better Health was located in Miami-Dade County at 7900 NW 27th Avenue, Suite 236, Miami, Florida, 33147.

7.      Mitto and Better Health purported to provide injection treatments, *i.e.*, treatments involving the insertion of a syringe into the patient's arm, and intravenous infusion treatments, *i.e.*, treatments involving the insertion of a needle into a patient's vein, in order to administer specialized medications typically prescribed for patients with HIV/AIDS and other medical conditions.

8       Mitto submitted approximately $1,443,903 in claims for reimbursement from Medicare. As a result of these claims, Mitto received approximately $267,719 in Medicare reimbursements. Mitto submitted these claims under its own Medicare provider number K9088.

9.      Better Health submitted approximately $11,435,949 in claims for reimbursement from Medicare. As a result of these claims, Better Health received approximately $963,005 in Medicare reimbursements. Better Health submitted these claims under its own Medicare provider number K7479.

### The Defendant

10.     The defendant, **RAMON SANTOS,** acted as a physician assistant at Mitto and Better Health. In that capacity, he was responsible, among other things, for preparing medical records which were used to submit Medicare claims on behalf of Mitto and Better Health.

### COUNT 1
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

1.      Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.      From on or about February 2, 2005, and continuing through on or about June 29, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RAMON SANTOS,**

3

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## PURPOSE OF THE CONSPIRACY

3. It was the purpose of the conspiracy for **RAMON SANTOS** and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for the personal use and benefit of themselves and others.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. In or around February 2005, **RAMON SANTOS** began working at Better Health and prepared medical records which were used to submit Medicare claims on behalf of Better Health.

5. From on or about February 2, 2005, to on or about June 16, 2006, **RAMON SANTOS** and his co-conspirators submitted and caused the submission of numerous false and fraudulent claims to Medicare on behalf of Better Health, in the amount of approximately $11,435,949, seeking reimbursement for the cost of injections, infusions, medications, and other

items and services, purportedly for the treatment of blood disorders and pain management, that were not prescribed by doctors and not provided as claimed.

6. As a result of the submission of these claims, Medicare made payments to Better Health in the approximate amount of $963,005, which were deposited into Better Health's corporate bank account at Ocean Bank.

7. In or around February 2006, **RAMON SANTOS** began working at Mitto and prepared Medical records which were used to submit Medicare claims on behalf of Mitto.

8. From on or about February 10, 2006, to on or about June 29, 2006, **RAMON SANTOS** and his co-conspirators submitted and caused the submission of numerous false and fraudulent claims to Medicare on behalf of Mitto, in the amount of approximately $1,443,903, seeking reimbursement for the cost of injections, infusions, medications, and other items and services, purportedly for the treatment of blood disorders and pain management, that were not prescribed by doctors and not provided as claimed.

9 As a result of the submission of these claims, Medicare made payments to Mitto in the approximate amount of $267,719, which were deposited into Mitto's corporate bank account at Great Florida Bank.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-23**
**Health Care Fraud**
**(18 U.S.C. § 1347)**

1. Paragraphs 1 through 10 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. From on or about February 2, 2005, and continuing through on or about June 29, 2006, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**RAMON SANTOS,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, that is: the defendant knowingly submitted, and caused to be submitted, to Medicare, through First Coast Service Options, a Medicare contractor, false and fraudulent claims for the cost of injection-therapy and infusion-therapy treatments and services that were medically unnecessary and were never provided to the claimed Medicare beneficiaries.

## PURPOSE OF THE SCHEME AND ARTIFICE

3. It was the purpose of the scheme and artifice for **RAMON SANTOS** and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of fraud proceeds; and (c) diverting fraud proceeds for the personal use and benefit of themselves and others.

## THE SCHEME AND ARTIFICE

4. The allegations contained in paragraphs 4 through 9 of the Manner and Means section of Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth herein as a description of the scheme and artifice.

## ACTS IN EXECUTION OR ATTEMPTED EXECUTION OF THE SCHEME AND ARTIFICE

5. On or about the dates specified as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere,

**RAMON SANTOS,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program:

| Count | Clinic | Medicare Beneficiary | Claim Number | Approximate Date of Claim | Procedure Code; Service Billed; Approximate Amount of Claim |
|---|---|---|---|---|---|
| 2 | Better Health | C.D. | 591106009066130 | 1/9/06 | J9310; Rituximab; $5,000 |
| 3 | Better Health | C.D. | 591106009066250 | 1/9/06 | J9310; Rituximab; $5,000 |
| 4 | Better Health | P.C. | 591106009066110 | 1/9/06 | J0740; Injection Cidofovir; $6,685 |
| 5 | Better Health | P.C. | 591106009066640 | 1/9/06 | J9310; Rituximab; $5,000 |
| 6 | Better Health | R.B. | 591106009065910 | 1/9/06 | J0740; Injection Cidofovir; $6,685 |
| 7 | Better Health | R.B. | 591106009066510 | 1/9/06 | J9310; Rituximab; $3,500 |
| 8 | Better Health | R.P. | 591106009066790 | 1/9/06 | J9310; Rituximab; $3,500 |
| 9 | Better Health | R.P. | 591106009066810 | 1/9/06 | J9310; Rituximab; $3,500 |

| Count | Clinic | Medicare Beneficiary | Claim Number | Approximate Date of Claim | Procedure Code; Service Billed; Approximate Amount of Claim |
|---|---|---|---|---|---|
| 10 | Better Health | W.Z. | 591106060060540 | 3/1/06 | J9310; Rituximab; $4,400 |
| 11 | Better Health | W.Z. | 591106060060530 | 3/1/06 | J2353; Octreotide; $1,050 |
| 12 | Better Health | L.D. | 591006122689010 | 5/2/06 | 95903; Nerve Conduction Study; $400 |
| 13 | Better Health | L.D. | 591006150103550 | 5/30/06 | J1441; Filgrastim; $1,600 |
| 14 | Mitto | R.E. | 591006041726270 | 02/10/2006 | J9310; Rituximab; $3,850 |
| 15 | Mitto | E.G. | 591106052039230 | 02/21/2006 | J9310; Rituximab; $2,200 |
| 16 | Mitto | E.H. | 591106053043660 | 02/22/2006 | J1441; Injection Filgrastim; $2,000 |
| 17 | Mitto | M.O. | 591006087890440 | 03/28/2006 | J0800; Injection, Corticotropin; $6,000 |
| 18 | Mitto | C.J. | 591106094030810 | 04/04/2006 | J1745; Injection Inflizimab; $8,000 |
| 19 | Mitto | C.A. | 591006103896330 | 04/13/2006 | 20610; Arthrocentesis Aspiration or Injection; $300 |
| 20 | Mitto | N.F. | 591106108182180 | 04/18/2006 | J0256; Injection Alpha 1 - Proteinase Inhibitor; $1,800 |
| 21 | Mitto | T.T. | 591106108182080 | 04/18/2006 | J0637; Injection, Caspofungin Acetate; $500 |
| 22 | Mitto | G.R. | 591106114274530 | 04/24/2006 | J1040; Injection, Methylprednisolone Acetate; $1,600 |
| 23 | Mitto | E.J. | 591106124113430 | 05/04/2006 | J2360; Injection, Orphenadrine; $1,080 |

In violation of Title 18, United States Code, Sections 1347 and 2.

8

## FORFEITURE
## (18 U.S.C. § 982)

1.  The General Allegations and the allegations contained in Counts 1 to 23 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant has an interest.

2.  Upon conviction of any violation of Title 18, United States Code, Section 1347 and/or 1349, as alleged in Counts 1 through 23 of this Indictment, the defendant, **RAMON SANTOS**, shall forfeit to the United States, any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses, pursuant to Title 18, United States Code, Section 982(a)(7), including, but not limited to, the sum of up to $1,230,724.

3.  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to or deposited with a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property and to seek an order from the Court requiring the defendant to return such property to the jurisdiction for seizure and forfeiture.

All pursuant to Title 18, United States Code, Sections 982(a)(7) and 982(b)(1), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

_____
DANIEL BERNSTEIN
ASSISTANT UNITED STATES ATTORNEY

10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | **CERTIFICATE OF TRIAL ATTORNEY*** |
| RAMON SANTOS, Defendant. / | **Superseding Case Information:** |

**Court Division**: (Select One)

- X Miami ___ Key West
- ___ FTL ___ WPB ___ FTP

New Defendant(s)           Yes ___ No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)  Yes
   List language and/or dialect  Spanish

4. This case will take  5  days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I    0 to 5 days    X
   - II   6 to 10 days
   - III  11 to 20 days
   - IV   21 to 60 days
   - V    61 days and over

   (Check only one)
   - Petty
   - Minor
   - Misdem.
   - Felony  X

6. Has this case been previously filed in this District Court? (Yes or No)  No
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)  No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)  No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes  X  No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes  X  No

_____
Daniel Bernstein
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0017973

*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **RAMON SANTOS**

Case No: _____

Count #: 1

Conspiracy to Commit Health Care Fraud
Title 18, United States Code, Section 1349
* Max. Penalty: Ten (10) years' imprisonment

Counts #:2-23

Health Care Fraud
Title 18, United States Code, Section 1347

*Max. Penalty: Ten (10) years' imprisonment as to each count

Count #:

_____
_____

*Max. Penalty: _____

Count #:

_____
_____

*Max. Penalty: _____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.